# JacksonLewis

**Jackson Lewis P.C.**
58 South Service Road, Suite 250
Melville NY  11747
(631) 247-0404 Main
(631) 247-0417 Fax
jacksonlewis.com

MY DIRECT DIAL IS:  (631) 247-4670
MY EMAIL ADDRESS IS: Diane.Krebs@JacksonLewis.com

February 24, 2021

**VIA ECF**
The Honorable Edgardo Ramos
U.S. District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 619
New York, NY 10007

> Re:   *Mehmet Emin Tatas v. Ali Baba's Terrace, Inc. and Ali Riza Dogan*
> Case No. 1:21-cv-00596-ER

Dear Judge Ramos:

As Your Honor knows, we are counsel to Ali Baba's Terrace, Inc. ("ABT") and Ali Riza Dogan ("Dogan") (collectively "Defendants") in this matter.  On February 22, 2021, Your Honor granted *pro se* Plaintiff's request to withdraw his § 1983 claim (which we presume is with prejudice).  *See* Dkt. 14.  Your Honor advised *pro se* Plaintiff that he may:  voluntarily dismiss the case in its entirety without prejudice to file a defamation suit in a state court he chooses; or show cause in writing, no later than February 26, 2021, as to why his proposed amended complaint would not be futile in this Court.  *Id.*

Defendants are respectfully taking this opportunity to respond to, and address, some of the issues raised by Your Honor.  For the reasons below, Defendants believe that (1) *pro se* Plaintiff's intended defamation claim is inextricably intertwined with his ongoing federal case, also pending before Your Honor (Case No. 19-cv-10595), and thus, Defendants believe that Your Honor may address that defamation claim in this Court; and (2) it would be futile to allow *pro se* Plaintiff to amend his Complaint, or even file a new claim, asserting defamation, and it would thus be in the interests of judicial economy for the Court to decide this issue immediately and stave off additional unnecessary litigation and motion practice.  Not only is *pro se* Plaintiff's defamation claim barred by the absolute immunity accorded to court proceedings under New York law, but it also is time-barred.[1]

---

[1]      It should also be noted that, while *pro se* Plaintiff seeks to bring his claim against both Defendants, the counterclaim at issue was only asserted, and later withdrawn, by Dogan.  This provides a wholly separate basis for finding that the claim against ABT would be futile.

I. **This Court May Maintain Jurisdiction Over *Pro Se* Plaintiff's Putative Defamation Claim**

A review of *pro se* Plaintiff's description of his intended defamation claim reveals that it overlaps and "forms part of the same case or controversy" as the claims in 19-cv-10595, pursuant to 28 U.S.C. § 1367(a). *Pro se* Plaintiff's purported defamation claim stems from Dogan's asserted and then withdrawn counterclaims in response to *pro se* Plaintiff's 2017 state court assault Complaint, which was removed to Your Honor's Court and included as part of 19-cv-10595. In other words, the conduct forming the basis of his intended defamation claim is conduct that occurred as part of 19-cv-10595, and such conduct would need to be evaluated for the claim (assuming it would not be futile for *pro se* Plaintiff to assert it).[2] 28 U.S.C. § 1367(a) states, "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." As can be seen in the above-quoted language, supplemental jurisdiction applies to "all other claims," not just "all other claims in the same complaint or litigation."

Maintaining supplemental jurisdiction over this Complaint, even with only a state claim of defamation, furthers the Court's interests of judicial economy, convenience, fairness and comity. Having *pro se* Plaintiff's complaints heard together in this Court will avoid two separate proceedings, in two different forums, regarding the same matters, with the potential for conflicting rulings. Additionally, it would be significantly more convenient and fair for the claims to be heard together, as there will be an overlap of parties and relevant testimony, witnesses and information.

II. **It Would Be Futile To Allow *Pro Se* Plaintiff to Amend His Complaint Or File A New Complaint Asserting Defamation**

*Pro se* Plaintiff seeks to assert a claim for defamation alleging Dogan's recently withdrawn counterclaims should have never been filed in the first place because they were "wrongful, malicious and designed to embarrass, damage plaintiff and harmed his reputation." *See* Complaint. But it would be futile for him to attempt to assert this claim, as it is barred as a matter of law on at least two (2) bases. This Court should thus maintain jurisdiction and deny *pro se* Plaintiff's request to proceed with a claim sounding in defamation, to avoid the proliferation of unnecessary litigation and motion practice (and the accompanying fees and costs).

A. ***Pro Se Plaintiff's Defamation Claim Fails Because Dogan's Counterclaims Are Accorded Absolute Privilege Under New York Law***

New York has traditionally accorded an absolute privilege to oral or written communications made in the course of judicial proceedings that relate to the litigation.

---

[2] In fact, *pro se* Plaintiff even references his "lawsuit against his former employers defendants Ali Baba's Terrace Inc. and Ali Riza Dogan discrimination and assault case which both case has been consolidated on December 2019 case No. 19-cv-10595 and ongoing at the United States District Court Southern District of New York" as the foundation for his Section 1983 claim in his Complaint, which is the same foundation he has identified for his desired defamation claim. *See* Complaint (all errors in original).

**JacksonLewis**

Consequently, a statement made in the course of a judicial proceeding is absolutely privileged under New York common law so long as it is considered material and pertinent to the litigation. *Conte v. Newsday, Inc.,* 703 F. Supp. 2d 126, 146 (E.D.N.Y. 2010); *see also, e.g., Martirano v. Frost,* 25 N.Y.2d 505, 507 (1969) ("[A] statement, made in open court in the course of a judicial proceeding, is absolutely privileged if, by any view or under any circumstances, it may be considered pertinent to the litigation"). The absolute privilege attaches to every step of the judicial proceeding, not just the hearing or trial phase. *Weitz v. Wagner,* No. 07-cv-1106 (ERK)(ETB), 2008 U.S. Dist. LEXIS 61112, at *24 (E.D.N.Y. July 24, 2008) (internal citation omitted). Furthermore, the privilege attaches to witnesses, judges, parties, and attorneys. *Id.* The Court of Appeals has made clear that "the privilege attaches to such statements irrespective of [a] motive for making them." *Front, Inc. v. Khalil,* 24 N.Y.3d 713, 718 (2015); *see also Stega v. N.Y. Downtown Hosp.,* 107 N.E.3d 543, 549 (N.Y. June 27, 2018) ("Absolute privilege … entirely immunizes an individual from liability in a defamation action, regardless of the declarant's motives …").

Here, there is no question that Dogan's counterclaims constitute communications made in the course of judicial proceedings that relate to the litigation. Dogan brought counterclaims in response to *pro se* Plaintiff's first state court complaint, alleging assault, in or about 2017. Those claims were plausibly relevant to the matter, despite Dogan's later request to withdraw two of those counterclaims in order to narrow the various, complex claims to litigate. *See* Case No. 19-cv-10595, Dkt. 61. Accordingly, while *pro se* Plaintiff requests redress for alleged defamation, Dogan's counterclaims were made in the course of official proceedings, and thus there is simply no remedy any Court can provide.

### B. Pro Se Plaintiff's Defamation Claim Fails Because It Is Time-Barred

Under New York law, claimants have one year to assert a defamation claim to meet the statute of limitations. N.Y. C.P.L.R. § 215 (McKinney's 2003); *Shamley v. ITT Corp.,* 869 F.2d 167, 172 (2d Cir. 1989); *Knoll v. Merrill Corp.,* Case No. 02-cv-566 (CSH), 2003 U.S. Dist. LEXIS 20331, at *9 (S.D.N.Y. Nov. 12, 2003). A cause of action for defamation accrues on, and the statute of limitation begins to run from, the date that the alleged defamatory statement is first published. *Shamley,* 869 F.2d at 172.

*Pro se* Plaintiff's claim of defamation is based on Dogan's statements made within his counterclaims. Notably, Dogan filed these counterclaims on June 18, 2017 – well over three (3) years ago and thus far outside the one year statute of limitations. Accordingly, *pro se* Plaintiff has waived the ability to bring such claim, and it would be futile to allow *pro se* Plaintiff to file an amended Complaint, or bring an entirely new suit, including it.

\* \* \* \* \*

# JacksonLewis

Defendants thank the Court for its attention to, and consideration of, this submission.

Respectfully submitted,

JACKSON LEWIS P.C.

*Diane Krebs*

Diane Krebs, Esq.

cc:     <u>via email:</u>
       Mehmet Emin Tatas (juliomehmet@windowslive.com)
       Mr. Ali Riza Dogan
       Heather L. Hulkower, Esq.