UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEHMET EMIN TATAS,

                Plaintiff,

– against –

ALI BABA'S TERRACE, INC., and ALI RIZA DOGAN,

                Defendants.

**ORDER**

21 Civ. 596 (ER)

Ramos, D.J.:

On December 11, 2020, Plaintiff filed the instant case in New York state court, alleging that Defendant Dogan violated his rights under 42 U.S.C. § 1983 by filing certain counterclaims against him in other litigation pending before this Court. *See* Doc. 1-1.[1] Defendants removed this case on January 22, 2021. Doc. 1.

On February 1, 2021, Defendants were granted leave to move to dismiss Tatas' complaint. *See* Doc. 7 (setting a March 1 deadline to move to dismiss this complaint). On February 9, 2021, Defendants separately sought a pre-motion conference to discuss their intent to move for sanctions against Plaintiff pursuant to Fed. R. Civ. P. 11 should Plaintiff not withdraw this action. Doc. 8. Regarding both anticipated motions, Defendants have argued that § 1983 cases can only be brought against state actors. In response, Plaintiff requested leave to amend his Complaint to withdraw the § 1983 claim and instead bring an action solely alleging defamation. Doc. 13. On February 22, 2021 the Court stated that it would grant Tatas' request

---

[1] These counterclaims were brought in a related case, No. 19-cv-10595. Dogan's motion to voluntarily withdraw the counterclaims in the related case was granted on November 11, 2020. *See* No. 19-cv-10595, Doc. 62.

to withdraw his § 1983 claim, but advised that it would have no subject matter jurisdiction over any remaining state law claims.  Doc. 14.[2]  The Court thus instructed him to either voluntarily dismiss this case in its entirety (without prejudice to file a defamation case in state court), or show cause as to why amending his complaint to assert a defamation claim would not be futile.  *Id.*

In response, Plaintiff has asked to voluntarily dismiss this action, without prejudice to file a defamation case in state court.  Doc. 16.  Defendants have also submitted a letter that both urges the Court to retain jurisdiction over any defamation claim that may be alleged, while also explaining that any such claim would be futile.  Doc. 15.  Defendants argue that the allegedly defamatory statements were (1) asserted in the course of a judicial proceeding and are thus are likely protected by absolute privilege under New York state law, and (2) are barred by the one-year statute of limitations for bringing these claims.  *Id.* at 3 (citing *Front, Inc. v. Khalil*, 24 N.Y.3d 713, 718 (2015), and *Shamley v. ITT Corp.*, 869 F.2d 167, 172 (2d Cir. 1989)).

The Court agrees with Defendants that any future defamation claim would likely be futile, as Plaintiff has not shown any reason why such a claim would not be both time-barred and barred by absolute privilege.  However, because there is currently no such claim properly before it, the Court is unable to take additional action regarding any such claim.[3]

---

[2] The Court also stated that it did not understand Plaintiff's complaint in this case to have raised a defamation claim, but rather only a § 1983 claim.

[3] For this reason, Tatas' request to file a motion to remand this case to state court is also improper and is hereby DENIED.

Plaintiff's motion to voluntarily dismiss this action in GRANTED.  This dismissal will be with prejudice.[4]   The Clerk of Court is respectfully directed to close this case.  The case conference scheduled for March 4, 2021 is hereby canceled.

IT IS SO ORDERED.

Dated:   March 1, 2021
         New York, New York

                                          Edgardo Ramos, U.S.D.J.

---

[4] This dismissal does not prohibit Tatas from bringing a defamation action in state court.  The Court does, however, take this opportunity to observe that such a claim is almost certain to be time-barred and barred by absolute privilege, for the reasons explained in Defendants' February 25, 2021 letter.  See Doc. 15.